**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry C. Danziger,<br><br>         Plaintiff,<br><br> vs.<br><br>University of Louisville, et al.,<br><br>         Defendants. | No. 2:18-cv-0198-HRH |

O R D E R

Allocation of Interest

Plaintiff Terry C. Danziger, is the residual beneficiary of her husband, Dr. Franklin S. Danziger's revocable living trust IRA. Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc., administered the Danziger IRA and, a dispute having arisen between Mrs. Danziger and defendants University of Louisville and University of Louisville Foundation, Inc., $500,000 was deposited in the Registry of the Court by Merrill Lynch to fund Dr. Danziger's gift of $500,000 to the University defendants if they prevailed. In due course, the parties reached a binding settlement with respect to distribution of the $500,000 held by the court: the University defendants are to receive $350,000 and Mrs. Danziger is to receive $150,000.

Funds held in the Registry of the Court earn interest; and, as of September 23, 2019, interest in the amount of $7,464.58 had accrued on the funds held by the court. In

reaching their settlement, the parties apparently did not realize that funds deposited in the Registry of the Court would earn interest. The parties have endeavored but have failed to resolve their differences concerning the earned interest. Each of plaintiff and the University defendants contend that they should receive all of the interest. A brief telephonic conference with the court led to the establishment of a briefing schedule with respect to accrued interest.[1] But before taking up the substance of the parties' briefing, there are procedural matters which have intervened.

Following the court's conference with counsel, Terry C. Danziger, pro se trustee, moved to compel distribution of interest earned on the deposit with the court to Mrs. Danziger as trustee.[2] Mrs. Danziger as trustee would have all the interest disbursed to seven sub-trusts and eight qualified beneficiaries.[3] Mrs. Danizger as trustee moves to be allowed to file with the court electronically,[4] and seeks pro se party electronic notification.[5] The University defendants move to strike[6] Mrs. Danziger's motion as trustee for distribution of interest. Taking a cue from the latter motion, Mrs. Danziger as trustee filed a motion to intervene with respect to the interest dispute.[7] The latter motion was followed by a second motion by Mrs. Danziger as trustee, to allow electronic filing.[8]

---

[1] See Docket No. 81.
[2] Docket No. 77.
[3] Id. at 10.
[4] Docket No. 78.
[5] Docket No. 82.
[6] Docket No. 83.
[7] Docket No. 84.
[8] Docket No. 85.

Mrs. Danziger as trustee next filed a brief[9] in support of her motion for distribution of interest[10] and motion to intervene.[11] The University defendants have filed a motion to strike the trustee's brief,[12] and have responded to the trustee's motion to intervene.[13] Mrs. Danziger as trustee opposed the University defendants' motion to strike.[14]

Finally, the University defendants request that the court enter a scheduling order with respect to the foregoing.[15] The University defendants seek expedited consideration of the foregoing request.[16] Expedited consideration is granted. However, the University defendants' request for a scheduling order is denied. At this point, a scheduling order is not necessary.

The University defendants' several motions to strike[17] are granted. Mrs. Danziger as trustee's motion to compel distribution of interest to her as trustee and to several trusts and her motion to intervene, as well as the related motions having to do with electronic filing, are denied.[18]

A non-lawyer trustee cannot appear pro se to represent a trust or trust beneficiaries. Alpha Land Co. v. Little, 238 F.R.D. 497, 502 (E.D. Cal. 2006); Knoefler v. United Bank

---

[9]Docket No. 89.

[10]Docket No. 77.

[11]Docket No. 84.

[12]Docket No. 93.

[13]Docket No. 94.

[14]Docket No. 95.

[15]Docket No. 97.

[16]Docket No. 98.

[17]Docket Nos. 83 and 93.

[18]Docket Nos. 77, 84, 78, and 85.

of Bismark, 20 F 3d 347, 348 (8th Cir. 1994); and C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). The trust and/or trust beneficiaries must be represented by an attorney. Mrs. Danziger has an obvious interest in these proceedings and is represented by an attorney with respect to her claim for distribution of interest earned on funds held in the registry of the court.

Consistent with the briefing schedule established by the court,[19] the court has received statements of position with respect to the interest dispute from the University defendants,[20] plaintiff Terry C. Danziger,[21] and the University defendants' opposition[22] to plaintiff's position statement. Terry C. Danziger, trustee, pro se, has also filed a response to the University defendants' position paper with respect to the distribution of interest,[23] and a reply with respect to distribution of interest.[24] These filings by Mrs. Danziger as trustee are stricken for the same reason that the trustee's other, like filings were stricken.

The court has carefully considered the plaintiff's and University defendants' respective arguments concerning the division of accrued interest. Neither party relies upon any legal authority but, rather, expressly or by inference suggests that an equitable division of the accrued interest should be accomplished. Plaintiff contends that she should receive all of the interest money because – but for the deposit of $500,000 with the Registry of the Court – she would have had the benefit of the earnings of those funds until such time as

---

[19]Docket No. 81.

[20]Docket No. 86, styled as a motion.

[21]Docket Nos. 87 and 90.

[22]Docket No. 91.

[23]Docket No. 92.

[24]Docket No. 96.

the dispute with respect to the 500,000 gift was resolved. Similarly, the University defendants argue that they should receive all of the accrued interest because they should have received "the $500,000 [gift] from Dr. Danziger's IRA three years ago."[25]

If there had been no disagreement about the $500,000 gift, the University defendants would have received the $500,000 and would have invested it. The University defendants would have been entitled to all of those earnings. On the other hand, had there been no gift to the University defendants, or if the final outcome of this litigation were that the University defendants should receive no part of the $500,000, plaintiff would have been in a position to benefit from all of the earnings of the $500,000. This case did not follow either of those possible courses; and, as a consequence, neither plaintiff nor the University defendants are entitled to all of the interest which the $500,000 has earned.

If, as the parties apparently supposed, the deposit of funds with the court had not earned interest, then the parties would presumably proceed with their settlement, with plaintiff receiving $150,000 and the University defendants receiving $350,000. In fact, the money available for distribution exceeds the parties' expectations as to the total amount of money they would receive as a result of the settlement. In consideration of the foregoing and the parties' respective arguments, the University defendants' motion for an award of accrued interest[26] is granted in part and denied in part. The court concludes that the equitable resolution here is to divide the interest money earned while the parties negotiated on the same 70%-30% basis agreed to for the division of the $500,000.

If not already done, the parties shall promptly proceed to document their settlement and provide the court with specific instructions regarding the payees of the $350,000 and

---

[25]Docket No. 91 at 2.

[26]Docket No. 86.

$150,000. Upon receipt of that information, the court will direct the distribution of the funds presently held in the Registry of the Court, including accrued interest, 70% to the University defendants' designee and 30% to Mrs. Danziger.

DATED at Anchorage, Alaska, this  10th  day of October, 2019.


                                              /s/ H. Russel Holland
                                              United States District Judge